Lawrence J. Holbrook
PO Box 38152
Honolulu, HI 96837
808-735-8426



ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 02 2016

at 12 o'clock and 50 min. A M.
SUE BEITIA, CLERK

# IN THE UNITED STATES DISTRIC COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LAWRENCE J. HOLBROOK, Pro Se<br><br>Petitioner,<br><br>vs.<br><br>STATE OF HAWAII,<br>Department of Taxation<br>Defendant | ) COMPLAINT FOR EMPLOYMENT<br>) DISCRIMINATION<br>) AND UNLAWFUL TERMINATION<br>)<br>)<br>) Case No. CV16 00422 HG RLP<br>)<br>) JURY TRIAL:  X Yes<br>) |

## COMPLAINT OF DISCRIMINATION AND UNLAWFUL TERMINATION

### NATURE OF COMPLAINT

### AGE COMPLAINT

1. LAWRENCE J. HOLBROOK, Movant, files this complaint of discrimination and unlawful termination. Plaintiff asserts violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-34, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e, et seq. and Hawaii Revised Statute Chapter 368, as stated with greater particularity below.

2. Defendant subjected former employee, Lawrence J. Holbrook (Plaintiff) to a hostile work environment by failing to prevent

Lawrence J. Holbrook                        Civil Case No.:
PO Box 38152, Honolulu, HI 96837

and correct alleged harassment by co-worker and employee MARY

ANN KAWAKAMI.

3. Where State law is noted, the equivalent Federal law is

invoked. Where Federal law is noted, the equivalent State law is

invoked.

## GENDER-BASED COMPLAINT

4. Plaintiff alleges gender-based employment discrimination in

violation of Title VII and HRS § 378. Kawakami was directly

responsible for exploiting gender-based discrimination against a

male coworker in the predominantly female occupied Tax Clerk

position.

5. Plaintiff also alleges retaliation by discharge and

termination in violation of Title VII and HRS §378.

## RACE COMPLAINT

6. Plaintiff alleges race-based employment discrimination in

violation of Title VII and HRS §378. Kawakami was directly

responsible for exploiting race-based discrimination against a

white coworker in the predominantly Asian heritage office.

7. Plaintiff also alleges retaliation by discharge and

termination in violation of Title VII and HRS §378.

## JURSIDICTION AND VENUE

8. Jurisdiction of this Court is invoked pursuant to 28 U.S.C.

§§ 451, 1331, 1337, and 1343. The employment practices alleged

Complaint of Discrimination and Unlawful Termination - 2

Lawrence J. Holbrook
PO Box 38152, Honolulu, HI 96837

Civil Case No.:

herein to be unlawful were committed within the jurisdiction of the United States District Court for the District of Hawaii.

9. This action is brought for discrimination in employment pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender). Also, pursuant to the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634 which incorporates by reference §§ 16(c) and 17 of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 216(c) and 217.

10.    Relevant state law includes Hawaii Revised Statutes §§ §378 et seq., Employment Practices.

PARTIES

11.    Plaintiff, Lawrence J. Holbrook, Pro Se (PO Box 38152, Honolulu, HI 96837, 808-735-8426), is the individual aggrieved. Plaintiff was employed by the Defendant on September 1, 2015. Plaintiff's employment was terminated on October 16, 2015. Plaintiff is authorized to bring this action having filed an HRS §368-11, "Complaint against unlawful discrimination." Plaintiff has received an HRS §368-12, "Notice of right to sue" letter dated May 25th, 2016.

12.    Defendant, State of Hawaii, Department of Taxation (830 Punchbowl St, Honolulu, HI 96813, (808) 587-4242), is a government agency and a department of the State of Hawaii, charged with the administration of taxes under HRS §231. Maria

Lawrence J. Holbrook                Civil Case No.:
PO Box 38152, Honolulu, HI 96837

E. Zielinski is the current Director of Taxation. As such, Zielinski is the State of Hawaii, Department of Taxation. This Defendant is being joined at this time as nominal Defendant for remedial purposes and to protect the interests and rights of the public. $( 28 \ U.S.C. \ \S 1608 \ + \ HRS \S 634-30 )$

13.    Defendant Mary Ann Kawakami was a co-worker with five (5) months seniority over Plaintiff. Kawakami is a Tax Clerk and employee of the Department of Taxation, Office Audit Branch where Plaintiff worked. Kawakami was charged with the Tax Clerk training of Plaintiff. Kawakami is the primary Defendant who initiated all acts of aggression towards Plaintiff.

14.    Defendants also include i) Jodi Poaha, Tax Examiner Supervisor, Office Audit Branch, ii) Donald Kuriki, Office Audit Branch Chief, and iii) Kay Kami, Tax Clerk Supervisor, Office Audit Branch. These Defendants were aware of, failed to prevent and, in some cases, aggravated the discriminatory treatment by Kawakami. Defendant Kuriki was primarily responsible for Plaintiff's termination.

15.    Defendant Gene Dumaran is Acting Department Personnel Officer, Department of Taxation. Dumaran was responsible for presenting Plaintiff with the termination letter. As Acting Department Personnel Officer, Dumaran is, to the best of my knowledge, the agent authorized to receive service and shall

Complaint of Discrimination and Unlawful Termination - 4

Lawrence J. Holbrook
PO Box 38152, Honolulu, HI 96837

Civil Case No.:

receive this complaint on behalf of the State of Hawaii, Department of Taxation. (28 U.S.C. §1608 + HRS § 634-30)

16.    At all relevant times, Defendant has been continuously doing business in the State of Hawaii, County of Honolulu and has had at least 20 employees.

17.    At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of §§ 11(b),(g) and (h) of the ADEA, 29 U.S.C. §§630(b),(g) and (h)6.

18.    Where ignorant of the true names and capacities of each Defendant, Plaintiff sues said Defendant(s) by fictitious names (e.g. DOE). Plaintiff reserves the right to amend the Complaint to name each DOE Defendant individually or collectively as they become known.

19.    Plaintiff alleges that each Defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the Complaint to allege such responsibility when the same shall have been ascertained.

20.    All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, including all DOE Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise and/or under the direction and control of the others, except as specifically alleged otherwise. Said acts

Complaint of Discrimination and Unlawful Termination - 5

Lawrence J. Holbrook                    Civil Case No.:
PO Box 38152, Honolulu, HI 96837

and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant(s), such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

## CONDITIONS PRECEDENT

21.     On September 1, 2015, Plaintiff was hired by Defendant. Plaintiff was introduced to Kawakami, a co-worker with five (5) months experience, who would be training Plaintiff in Tax Clerk job duties.

22.     On October 16, 2015, Defendant terminated Plaintiff's employment. Defendants termination letter alleges Plaintiff was failing to perform regular job activities. However, Plaintiff was performing regular job activities above the level of training and experience. Plaintiff alleges that the termination was caused by the deliberate and intentional discriminatory actions of Kawakami. Plaintiff alleges that his termination violated the age, gender and/or race discrimination prohibitions.

23.     On October 26, 2015, Plaintiff filed a pre-complaint questionnaire with the Hawaiian Civil Rights Commission.

Complaint of Discrimination and Unlawful Termination - 6

Lawrence J. Holbrook                        Civil Case No.:
PO Box 38152, Honolulu, HI 96837

24.    On October 27, 2015, Plaintiff filed a complaint with the State of Hawaii, Department of the Attorney General, Investigation Division.

25.    On November 11, 2015, Plaintiff met with Gilbert W. Kilantang, State Dept. of the Attorney General, Investigations Division (808-520-7610, Gilbert.W.Kilantang@Hawaii.gov) at the AG's office (455 S King St B-1, 96813) for an intake interview.

26.    On January 6, 2016, Plaintiff met with Investigator Eric Pilila'au, with the Hawaii Civil Rights Commission (HCRC, 830 Punchbowl St, Rm 411) to file the formal complaint.

27.    On January 13, 2016, Plaintiff signed the "charge of Discrimination" form with the HCRC and EEOC. Plaintiff marked the box on the Mediation Option Form, "I am interested in mediation and wish to participate."

28.    On April 12, 2016, Plaintiff signed the HCRC investigated charges against Defendant at the HCRC office with Eric Pilila'au.

29.    On May 12, 2016, HCRC issued a letter of "preliminary finding for closure because there was insufficient evidence" titled HCRC No. 19038, EEOC No 37B-2016-00028; Lawrence J. Holbrook vs. State of Hawaii, Department of Taxation.

30.    On May 25, 2016, Plaintiff received his "Notice of Dismissal and Right to Sue" letter from the HCRC.

Lawrence J. Holbrook
PO Box 38152, Honolulu, HI 96837

Civil Case No.:

31.   On June 23, 2016, Plaintiff received his "Dismissal and Notice of Rights" letter from the EEOC.

32.   Prior to filing this lawsuit, Plaintiff attempted to eliminate the unlawful employment practices herein alleged and to effect voluntary compliance with Defendant through informal methods of conciliation, conference, and persuasion within the meaning of §7(b) of the ADEA, 29 U.S.C. §626(b).

33.   To the best of my knowledge, I have exhausted all federal administrative remedies. All conditions precedent to the institution of this lawsuit have been fulfilled. Since filing my charge of discrimination with the EEOC, 60 days or more have elapsed.

## STATEMENT OF CLAIMS

34.   The discriminatory conduct of which I complain in this action includes harassment, intimidation and termination of employment. The alleged discriminatory acts occurred between September 1 and October 16, 2015. Defendant(s) discriminated against me based on my race, gender, and age. My year of birth is 1958.

**Legal Framework of Claim**

35.   HRS §378-2(a)(1), states that it shall be unlawful to discriminate based on race, sex, or age, among other things. An employer may not "discharge from employment…to discriminate

Complaint of Discrimination and Unlawful Termination - 8

Lawrence J. Holbrook                    Civil Case No.:
PO Box 38152, Honolulu, HI 96837

against any individual in compensation or in the terms,

conditions, or privileges of employment."

36.    Harassment is a form of employment discrimination that violates Title VII and the ADEA. Harassment is illegal when it is so frequent or severe that it creates a hostile or offensive work environment or when it results in an adverse employment decision (such as the victim being fired).

37.    Under HRS §378-33, Plaintiff alleges Defendant engaged in discrimination; specifically, harassment, intimidation, and unlawful termination, against Plaintiff based on his age (57), his gender (male), and his ethnicity (white/Caucasian) in violation of the ADEA, Title VII and State Law.

**The facts of my case are as follows:**

**Kawakami as Principal Harasser**

38.    The principal harasser was Petitioner's co-worker, Kawakami, who was given control over Petitioner's activities to train Petitioner as a Tax Clerk. Kawakami had no experience training workers and was grossly inexperienced with the job she was assigned.

39.    Kawakami frequently engaged in multiple forms of harassment and intimidation, creating a hostile work environment in which Petitioner feared doing and not doing work as a Tax Clerk. Kawakami's many complaints to management were manifested, nearly verbatim, in Petitioner's termination letter.

Lawrence J. Holbrook                    Civil Case No.:
PO Box 38152, Honolulu, HI 96837

40.     Plaintiff alleges that discrimination by Kawakami, based on race, sex and/or age, was the primary driver of frequent harassment. Kawakami's discriminatory conduct included intimidation, ridicule, mockery, insults and put-downs. Kawakami also engaged in random tantrums, directed hostility towards, and strove to brand Plaintiff as insubordinate. Kawakami was directly responsible for creating a hostile and toxic work environment.

41.     Plaintiff alleges that Kawakami's deliberate campaign of complaints against Plaintiff created a false impression of age related infirmity. Kawakami's many complaints resulted in management's unwarranted discrimination against Plaintiff. Management failed to curb Kawakami's harassment and discrimination. Kawakami's intentional crusade was the primary cause of Plaintiff's termination.

**Withholding Job Description Details and Instructions**

42.     During the course of training, Kawakami would assign a routine "Tax Clerk" task with a set of instructions which Plaintiff accurately wrote down. After completing the task according to instructions, Kawakami would change the instructions, then berate Plaintiff that the work had not been done correctly. Kawakami frequently proceeded directly to management to complain.

Complaint of Discrimination and Unlawful Termination - 10

Lawrence J. Holbrook
PO Box 38152, Honolulu, HI 96837

Civil Case No.:

43. Kawakami also frequently complained that Plaintiff was responsible for processing errors that she herself had created before Plaintiff was hired. Plaintiff corrected errors, when found, to maintain consistent and accurate records; not for personal gain or retribution.

44. Kawakami's persistent complaints to management were never investigated by management and resulted in damaging Plaintiff's relationship with his superiors. Management's termination letter was a nearly verbatim list of the false complaints Kawakami had made. To a rational observer, these complaints would indicate a bias and belief in Plaintiff's age related infirmity.

45. As a responsible employee, Plaintiff reported the discriminatory conduct to Kami and Kuriki as soon as possible. Plaintiff informed management about Kawakami's harassment and they failed to take prompt and appropriate corrective action.

**Training Withheld**

46. Phone Training Withheld: An important part of the Tax Clerk position was fielding phone calls. Kawakami told me that there would be no training on the telephone system. Having received a phone with complex features, such as call transferring, call forwarding, and three-way calling, I was told that I would "pick it up" as I received calls and gained experience. Plaintiff was later belittled and berated by

Complaint of Discrimination and Unlawful Termination - 11

Lawrence J. Holbrook                   Civil Case No.:
PO Box 38152, Honolulu, HI 96837

Kawakami, Poaha and Kuriki for not handling phone calls

correctly.

47.     Taxpayer Database (ITPS) Training Withheld: As a new

employee, Plaintiff was given no computer training to respond to

customer inquiries through the State ITPS. Consequently, two

weeks after starting work, Plaintiff was unable to assist

taxpayers calling in with specific questions on their account.

Kawakami permitted no time for self-training on ITPS. Nearly a

month after my hire date, I did not have even one hour of

experience with ITPS. Kawakami was free to falsely complain that

Plaintiff was ineffective at phone assistance.

48.     In contrast, after my first month on the job,

Plaintiff was given training by Tax Examiner, Mary Grace

Gutierrez, on the Hawaii Form M-6A. Gutierrez gave Plaintiff a

one-hour primer on the ITPS program and the M-6A task, then was

allowed eight hours to learn ITPS and document all basic

procedures for completing the M-6A task. Training by Gutierrez

proceeded in a professional manner without drama. Prior to

termination, Plaintiff was near a high level of proficiency in

processing Forms M-6A. Gutierrez never felt the need to

complain, harass or ridicule Plaintiff.

49.     Project Training Withheld: Kawakami did not include

project scope within any training. Gerry Nomura (a Tax Clerk

with 20 years' experience in the State of Hawaii and three years

Complaint of Discrimination and Unlawful Termination - 12

Lawrence J. Holbrook
PO Box 38152, Honolulu, HI 96837
Civil Case No.:

in the Office Audit Branch) helped me understand that there is a repetitive project scope of logging taxpayer mail, assigning work to Tax Examiners, receiving work back from Tax Examiners and disposing of sensitive data in the work product.

50.    This general procedure applies to multiple projects and can help inform the intent and purpose of each project. However, Kawakami compartmentalized training into tasks, for example; the routine task of logging taxpayer mail. Kawakami deliberately withheld project scope; knowledge required to do each task proficiently and accurately.

51.    In contrast, Plaintiff had a good working relationship with Nomura. Nomura was a valuable resource for learning the responsibilities of the Tax Clerk position.

**Time Test Sabotaging**

52.    Kawakami devised time tests for filing and other tasks. She coordinated with management to implement time testing without notifying Plaintiff that a task was being time tested.

53.    Management knew the time tests had no baseline times for the tasks performed. Management turned to Kawakami for her opinion whether a timed task was completed in a timely manner. Management also failed to test Kawakami for the same tasks.

54.    Further, the timed tasks were frequently interrupted with other office activities, such as answering the phone,

Complaint of Discrimination and Unlawful Termination - 13

Lawrence J. Holbrook
PO Box 38152, Honolulu, HI 96837

Civil Case No.:

providing service to walk-in clients and random coworker office chatter.

55.    During at least one task that was disclosed as a time test, Kawakami routed all incoming phone calls to Plaintiff's desk for maximum interruption. Kawakami engaged in a pattern of intentional sabotage during time tests she knew were being given to Plaintiff.

56.    With the results of the badly designed and sabotaged time tests, Kawakami convinced management of an age-related infirmity and inability of Plaintiff to perform the tasks.

**Ridiculing, Tantrums and Harassment**

57.    <u>Intimidation:</u> In Plaintiff's second day of employment as a Tax Clerk, Kawakami recounted a story of a previous employer--an older, white man--who stole a million dollars from her. In this story, Kawakami made clear her prejudice against older, white males. The toxic story immediately placed me in a defensive position. While my defense was to offer Kawakami the utmost respect, deference and my most congenial office politics, Kawakami continually harassed Plaintiff with impatient foot-stamping, huffing, and emotional outbursts.

58.    <u>Update Worksheet:</u> While working on an Excel task assigned by Doris (DOE), a Tax Examiner, Kawakami directly ridiculed my time spent on this task. Kawakami prevented me from working on Doris' request to update the worksheet.

Complaint of Discrimination and Unlawful Termination - 14

Lawrence J. Holbrook                    Civil Case No.:
PO Box 38152, Honolulu, HI 96837

59.    Find Excel File: While searching for an Excel file for which Kawakami had several names different than the filename, Kawakami ridiculed my ability to find the file though she herself did not have the file name or the drive and path to the file's location. Kawakami even failed to recognize the filename from a list of recent files and still ridiculed me that I could not find it. Kawakami complained of this issue to management.

60.    Spreadsheet Navigation: While navigating a large spreadsheet with an inordinate number of duplicate values between rows and columns, and no specific taxpayer identification, Kawakami ridiculed Plaintiff's ability to use the Find feature in Excel. Plaintiff had to cut short a nervous laugh when I looked at Kawakami and realized, she was not only serious with regards to the inefficient Find method she proposed, but she was angry as well. Kawakami terminated that training session in order to complain to management.

61.    Deliberate Escalation: Kawakami frequently exhibited impatience and anger before she disappeared from training to report to management. When Kawakami could not get the desired result from Tax Clerk Supervisor Kami, she went to the office of Branch Chief Kuriki.

**When Questions Became Insubordination**

62.    While performing and learning about the various filing procedures and record keeping requirements of the Tax Clerk,

Complaint of Discrimination and Unlawful Termination - 15

Lawrence J. Holbrook                    Civil Case No.:
PO Box 38152, Honolulu, HI 96837

Plaintiff would often ask questions to clarify issues. Many issues were simply procedural and dealt with the variety of taxpayer circumstances under audit. Other issues, such as a) throwing away envelopes on time sensitive filings and b) failing to flag a taxpayer filing requirement in ITPS, were obvious instances of incorrect Tax Clerk procedures and incomplete record keeping.

63.    Kawakami turned Plaintiff's inquisitive and analytic nature into an accusation that Plaintiff was defiant of Kawakami's training authority and a refused to follow Tax Clerk procedures. Kuriki and Poaha exacerbated Kawakami's accusation by deliberately and falsely accusing Plaintiff of being insubordinate.

64.    Harassment includes the act of intimidation when the conduct is severe or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile, or abusive. Such was the unsettling effect of our first Closed Door Meeting.

**Closed Door Meeting**

65.    Management held our first closed-door meeting during which Kawakami directed unrestrained emotional outbursts at Plaintiff. Kawakami derided Plaintiff's ability to perform the most basic filing functions, even though I was performing said tasks with the proficiency and accuracy of a fully trained file

Complaint of Discrimination and Unlawful Termination - 16

Lawrence J. Holbrook                     Civil Case No.:
PO Box 38152, Honolulu, HI 96837

clerk. Kuriki, Poaha and Kami were all witness to Kawakami's anger towards Plaintiff and appeared to condone her behavior by allowing it to continue throughout the meeting.

66.    Poaha, without knowing any specifics of the issues at hand, joined in and escalated the berating. Poaha accused me of making Kawakami upset and for wasting management's time on having to deal with Kawakami's complaints.

67.    Management refused to investigate the questionable validity of Kawakami's complaints. Management was aware of Kawakami's discriminatory behavior and did nothing to curb Kawakami's continuing harassment.

68.    That meeting, having taken place on Wednesday, October 7, 2015, was extremely upsetting. I felt severely harassed and intimidated. Though I remained calm, I was angrily scolded and criticized, accused of being slow, and insulted regarding my knowledge of computers and computer software. Surprisingly, Kuriki and Poaha took part in the berating. My pleas to have the insults and accusations investigated were refused. I feared that I would be walked out of the building at any moment. I lost sleep every night for weeks afterwards. Plaintiff alleges that Kawakami, Poaha and Kuriki were directly engaged in harassment, intimidation, slander, intentional defamation, and negligent infliction of emotional distress.

**Reserving the Right to Amend**

Complaint of Discrimination and Unlawful Termination - 17

Lawrence J. Holbrook                          Civil Case No.:
PO Box 38152, Honolulu, HI 96837

69.    Plaintiff reserves the right to amend this filing to include additional examples of race, sex and/or age discrimination based upon the findings on discovery in the HCRC records.

70.    The unlawful employment practices complained of in the above paragraphs were willful within the meaning of §7(b) of the ADEA, 29 U.S.C. §626(b).

### Plaintiff's Requests for Relief

71.    Under HRS §368-17, "Remedies," Petitioner requests compensatory and punitive damages and legal and equitable relief as follows.

72.    Under HRS §368-17(1), Plaintiff requests reinstatement as State of Hawaii, Department of Taxation employee with back pay;

73.    Under HRS §368-17(2), Plaintiff requests restoration to labor organization membership and admission to or participation in a guidance program, apprenticeship training program, on-the-job training program, or other occupational training or retraining program;

74.    Under HRS §368-17(8), Plaintiff requests payment to the complainant of damages for an injury or loss caused by a violation of HRS Chapter 378, Title VII and the ADEA, in the amount of one-years' wage ($31,236.00 = $2,603/mo).

Complaint of Discrimination and Unlawful Termination - 18

Lawrence J. Holbrook                    Civil Case No.:
PO Box 38152, Honolulu, HI 96837

75.    Under HRS §368-17(9), Plaintiff requests payment to the complainant of all or a portion of the costs of maintaining the action before the commission, including reasonable attorney's fees and expert witness fees; and

76.    Under HRS §368-17(10), Plaintiff requests other relief the commission or the court deems appropriate. With regards to §368-17(10), Plaintiff requests that his termination letter be expunged from all State of Hawaii records.

<u>JURY DEMAND</u>

77.    Plaintiff requests a jury trial on all questions of fact raised by its Complaint.

<u>Declarations, Certification and Closing</u>

78.    Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;

Complaint of Discrimination and Unlawful Termination - 19

Lawrence J. Holbrook
PO Box 38152, Honolulu, HI 96837

Civil Case No.:

and (4) the complaint otherwise complies with the requirements of Rule 11.

79.    I agree to provide the Clerk's Office with any changes to my address where case related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

80.    I declare, under penalty of perjury, that the foregoing is true and correct.

DATED: Honolulu, Hawaii. DATE.    8 - 1 - 2016

Lawrence J. Holbrook, Pro Se (Movant's signature)

Complaint of Discrimination and Unlawful Termination - 20