IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LAWRENCE J. HOLBROOK, | ) | CIVIL NO. 16-00422 HG-RLP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | DENY PLAINTIFF'S REQUEST FOR |
| vs. | ) | APPOINTMENT OF COUNSEL |
| | ) | |
| STATE OF HAWAII, DEPARTMENT | ) | |
| OF TAXATION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL[1]

Before the Court is Plaintiff's Request for Appointment of Counsel Under the Civil Rights Act of 1964: 42 U.S.C. § 2000e-5(f)(1)(B).  ECF No. 3, 9, 10.  The Court found this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii.  After careful consideration of the materials submitted by Plaintiff, the Court FINDS and RECOMMENDS that Plaintiff's Request for Appointment of Counsel be DENIED.

BACKGROUND

Plaintiff, proceeding *pro se*, filed a Complaint on

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation.  If no objections are filed, no appellate review will be allowed.

August 2, 2016, against the State of Hawaii, Department of Taxation.  ECF No. 1.  Plaintiff, a 58 year-old white male, alleges that Defendant unlawfully terminated him based on his race, gender, and age.  ECF No. 1.  Specifically, Plaintiff alleges that Defendant discriminated against him on the basis of his race and gender in violation of Title VII of the Civil Rights Act of 1964.  See id. ¶¶ 4-6, 22, 34, 37, 40, 57.  Title VII prohibits employment discrimination based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).  Plaintiff also alleges that Defendant discriminated against him on the basis of his age, in violation of the Age Discrimination in Employment Act ("ADEA").  See ECF No. 1 ¶¶ 6, 22, 34, 37, 40, 44, 56.  Under the ADEA, it is unlawful to discriminate in employment against any individual who is at least 40 years old "because of such individual's age."  29 U.S.C. § 623; Coleman v. Quaker Oats Co., 232 F.3d 1271, 1281 (9th Cir. 2000).  Finally, Plaintiff asserts employment discrimination by Defendant in violation of the state-law analogues to Title VII and the ADEA, Hawaii Revised Statutes Section 378-2, which prohibits discrimination based on "race, sex, . . . age, . . . color, [or] ancestry."  Haw. Rev. Stat. § 378-2; ECF No. 1 ¶¶ 4-7, 10, 35, 37, 74.

## DISCUSSION

There is no constitutional right to the appointment of

counsel in employment discrimination cases.  <u>Ivey v. Bd. of Regents of Univ. of Ala.</u>, 673 F.2d 266, 269 (9th Cir. 1982).  Title VII authorizes the appointment of counsel "[u]pon application by the complainant and in such circumstances as the court may deem just . . . ."  42 U.S.C. § 2000e-5(f)(1).  "The decision to appoint counsel is left to the sound discretion of the district court."  <u>Johnson v. U.S. Treasury Dep't</u>, 27 F.3d 415, 416 (9th Cir. 1994) (citations omitted).  The court should consider the following three factors in determining whether to appoint counsel:  "(1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim."  <u>Id.</u> at 416-17 (citations omitted).

### A.  Plaintiff's Financial Resources

First, Plaintiff has demonstrated that he does not have any financial resources.  In his Request for Appointment of Counsel, Plaintiff states that he earns $472.00 per month in income.  ECF No. 3 at 6.  Additionally, Plaintiff states that he has outstanding debts and monthly expenses.  <u>Id.</u> at 7.  Therefore, the Court finds that Plaintiff's financial resources weigh in favor of appointing counsel.

### B.  Plaintiff's Efforts to Obtain Counsel

Second, the Court will consider whether Plaintiff made "what can be considered a reasonably diligent effort under the

circumstances to obtain counsel." Bradshaw v. Zoological Soc'y of San Diego, 662 F.2d 1301, 1319 (9th Cir. 1981). Here, Plaintiff lists three attorneys in his Request for Appointment of Counsel that he has contacted. Id. at 4. However, Plaintiff does not provide any information regarding when he contacted those attorneys or the attorneys' response to his request for representation. Id. While the Court recognizes that Plaintiff has made some effort to retain counsel, the Court notes that greater efforts could be made. Accordingly, the Court finds that Plaintiff has not made a reasonably diligent effort under the circumstances to obtain counsel. The Court therefore finds that this factor weighs against appointing counsel.

### C.  The Merit of Plaintiff's Claim

Third, Plaintiff must show that his claim has "some merit." Bradshaw, 662 F.2d at 1319. For purposes of Plaintiff's Request for Appointment of Counsel, the Court will only examine Plaintiff's Title VII claims. A person claiming to be aggrieved by an unlawful employment practice may file a charge with the United States Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. § 2000e-5(b). In evaluating the merits of the claim, the court should give "appropriate weight" to the EEOC's determination regarding Plaintiff's claim. Bradshaw, 662 F.2d at 1319-20. In instances where the EEOC has found no reasonable cause, the court should ask the plaintiff why he considers the

EEOC's determination to be in error. Id. at 1309 n.20 (citing Caston v. Sears, Roebuck & Co., 556 F.2d 1305, 1309 (5th Cir. 1977). "[A] negative EEOC determination, together with patently frivolous rebuttals by the plaintiff, would militate against appointment of a lawyer." Jenkins v. Chem. Bank, 721 F.2d 876, 880 (2d Cir. 1983); see also Bradshaw, 662 F.2d at 1309 n.20 ("[A] finding that the EEOC determination is supported by substantial evidence in the investigative file and that plaintiff's objections thereto are patently frivolous would weigh heavily in the scales against appointing an attorney." (quoting Caston, 556 F.2d at 1309)).

Here, Plaintiff attached to his Request for Appointment of Counsel a Dismissal and Notice of Rights that he received from the EEOC. See ECF No. 3-1. That Dismissal and Notice of Rights states that the EEOC is closing its file because it has adopted the findings of the state or local fair employment practices agency that investigated this charge. Id. In his Complaint, Plaintiff states that he filed a complaint with the Hawaii Civil Rights Commission in January 2016. ECF No. 1 ¶¶ 23-28. Although Plaintiff does not provide any documentation from the Hawaii Civil Rights Commission, he alleges in his Complaint that the Hawaii Civil Rights Commission made a "preliminary finding for closure because there was insufficient evidence" to substantiate discrimination. Id. ¶ 29.

Plaintiff's Request for Appointment of Counsel is made on a pre-printed form, which includes a section that asks Plaintiff for the reasons why he is questioning the EEOC's determination.  See ECF No. 3 at 3.  In that section, Plaintiff states:

> (1) It is a fact that I was discriminated against during my short term of employment with the State of Hawaii, Department of Taxation.
>
> (2) It is a fact tat the discrimination originated from one individual, Mary Ann Kawakami, Tax Clerk and coworker in Office Audit Section of the Department of Taxation.
>
> (3) It is a fact that Kawakami's discrimination and harassment directed against me resulted in my termination from employment as a Tax Clerk.
>
> (4) It is a fact that management knew of Kawakami's intentional actions against me, appeared to condone those discriminatory behaviors and failed to act to stop the discriminatory behaviors.  These members of management include Don Kurki, Branch Chief Office Audit, Kay Kami, Tax Clerk Supervisory Office Audit and Jody Poaha, Tax Examiner Office Audit.

Id.  Plaintiff's response merely reiterates the allegations of his Complaint and does not provide any basis for the Court to determine why Plaintiff thinks that the EEOC's determination of insufficient evidence was in error.

In addition to the EEOC's determination, the court may consider the allegations in Plaintiff's Complaint in determining

whether his claims have some merit.  See Bradshaw, 662 F.2d at 1319.  Although the Court has determined that Plaintiff's allegations are sufficient for purposes of proceeding in this action without prepayment of fees, there is no further information for the Court to consider in determining whether Plaintiff's claims have merit.  After carefully considering the EEOC's finding, Plaintiff's explanation for questioning the EEOC's determination, and the allegations contained in the Complaint, the Court concludes that the third factor is neutral regarding appointment of counsel.

As noted above, the appointment of counsel in employment discrimination cases is discretionary, and there is no constitutional right to counsel.  As evidenced by his detailed, eighty-paragraph complaint, Plaintiff is able to gather and present crucial facts.  Plaintiff appears capable of articulating the facts and legal issues in court and is therefore seemingly able to proceed *pro se*.  See Miljkovic v. Univ. of Haw., Civ. No. 09-00064 ACK-KSC, 2010 WL 346450 at *1 (D. Haw. Jan. 27, 2010) (citing Castner v. Colo. Springs Cablevision, 979 F.2d 1417, 1421 (10th Cir. 1992); Darden v. Ill. Bell Tel. Co., 797 F.2d 497, 501 (7th Cir. 1986)).  Further, Plaintiff should note that in most cases, the Court cannot expend public resources to provide plaintiffs with counsel.  Id.  Balancing all of the foregoing factors, the Court RECOMMENDS that Plaintiff's Request for

Appointment of Counsel be DENIED.

## CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Plaintiff's Request for Appointment of Counsel be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, AUGUST 9, 2016.



_____
Richard L. Puglisi
United States Magistrate Judge

**HOLBROOK v. STATE OF HAWAII, DEPARTMENT OF TAXATION; CIVIL NO. 16-00422 HG-RLP; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL**